Brittany Shaw Carter (California State Bar No. 331773)
    *brittany@calljustice.com*
Lina Yaghoubi (California State Bar No. 361377)
    *l.yaghoubi@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
450 N. Brand Blvd., Suite 900
Glendale, California 91203
Tel: (818) 265-1020; Fax: (818) 265-1021

*Attorneys for* Plaintiff Diana Libbey

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA LIBBEY, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act;<br><br>Plaintiff,<br><br>vs.<br><br>JOHN MUIR HEALTH, a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 4:26-cv-03228-AMO<br><br>**CLASS ACTION**<br><br>**PLAINTIFF DIANA LIBBEY'S REPLY IN SUPPORT OF MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447**<br><br>Date:  Thursday, August 20, 2026<br>Time:  2:00 p.m.<br>Judge:  Hon. Araceli Martínez-Olguín<br>Courtroom:  Oakland Courthouse<br>Courtroom 3, 3rd Floor<br>1301 Clay Street<br>Oakland, California 94612<br><br>Complaint Filed:  January 30, 2026<br>FAC Filed:  April 6, 2026<br>Removal Filed:  April 16, 2026 |

**LAWYERS *for* JUSTICE, PC**
450 N. Brand Blvd., Suite 900
Glendale, California 91203

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................................1

II.   ARGUMENT..............................................................................................................2

    A.    There Is No Basis for Federal Jurisdiction Because Section 301 of the LMRA Does Not Preempt Plaintiff's State Law Claims. ....................................................2

        1.    Defendant's Reliance on *Curtis* and *Campos* for Preemption is Misguided and Should be Rejected in Light of Controlling and More Recent Authority............3

        2.    Plaintiff's Claims Arise Under California Law, Not The CBA..........................7

        3.    None Of Plaintiff's Claims Substantially Depend on Analysis of the CBA. ......................................................................................................................7

    B.    There Is No Basis for Supplemental Jurisdiction. ..................................................11

III.  CONCLUSION.........................................................................................................12

**LAWYERS *for* JUSTICE, PC**
450 N. Brand Blvd., Suite 900
Glendale, California 91203

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**          **CASE NO. 4:26-cv-03228-AMO**

<u>**TABLE OF AUTHORITIES**</u>

**Federal Cases** **Page(s)**

*Acosta v. AJW Const.*,
2007 WL 4249852 (N.D. Cal. Nov. 30, 2007) ........................................................8, 9

*Allis-Chalmers Corp. v. Lueck*,
471 U.S. 202 (1985) ........................................................7

*Atuatasi v. Securitas Sec. Servs. USA*,
2018 U.S. Dist. LEXIS 95418 (C.D. Cal. June 6, 2018) ........................................7

*Balcorta v. Twentieth Century-Fox Film Corp.*,
208 F.3d 1102 (9th Cir. 2000) ........................................................4

*Burnside v. Kiewit Pac. Corp.*,
491 F.3d 1053 (9th Cir. 2007) ........................................................ *passim*

*Campos v. Green Diamond Resource Co.*,
No. 3:25-cv-00663-AMO, 2025 WL 1518319 (N.D. Cal. May 28, 2025) ....................1, 3, 4

*Caterpillar Inc. v. Williams*,
482 U.S. 286 (1987) ........................................................9, 10

*Cortes v. Mass Electric Construction Co.*,
2025 WL 3685194 (N.D. Cal. 2025) ........................................................1, 3, 4, 5

*Cramer v. Consolidated Freightways, Inc.*,
255 F.3d 683 (9th Cir. 2001) ........................................................8, 9

Curtis v. Irwin Indus., Inc.,
913 F.3d 1146 (9th Cir. 2019) ........................................................ *passim*

*Garibay v. Bulwark Constr., Inc.*,
No. 3:25-cv-03643-W-GC, 2026 WL 1133704 (S.D. Cal. 2026) ........................................5

*Hernandez v. Pacific Underground Construction, Inc.*,
794 F. Supp. 3d 696 (N.D. Cal. 2025) ........................................................ *passim*

*Kobold v. Good Samaritan Reg'l Med. Ctr.*,
832 F.3d 1024 (9th Cir. 2016) ........................................................8

*Livadas v. Bradshaw,*
512 U.S. 107 (1994) ........................................................8

*McCray v. Marriott Hotel Servs., Inc.,*
902 F.3d 1005 (9th Cir. 2018) ........................................................4

*Miller v. AT&T Network Sys.,*
850 F.2d 543 (9th Cir. 1988) ........................................................7

*Placencia v. Amcor Packaging Distrib., Inc.,*
2014 U.S. Dist. LEXIS 77731 (C.D. Cal. May 12, 2014) ........................................8

**LAWYERS** *for* **JUSTICE, PC**
450 N. Brand Blvd., Suite 900
Glendale, California 91203

ii

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**   **CASE NO. 4:26-cv-03228-AMO**

*Renteria-Hinojosa v. Sunsweet Growers, Inc.*,
150 F.4th 1076 (9th Cir. 2025) ............................................................................ 1, 5, 6, 11

*Sanchez v. Calportland Co.*,
2015 WL 6513640 (C.D. Cal. Oct. 26, 2015) ....................................................................11

*Sica v. Silicon Valley Mechanical, Inc.*,
No. 26-CV-00180-VC, 2026 WL 1379906 (N.D. Cal. May 13, 2026) ......................... *passim*

*Valles v. Ivy Hill Corp.*,
410 F.3d 1071 (9th Cir. 2005) ............................................................................................11

*Vasserman v. Henry Mayo Newhall Memorial Hospital*,
65 F. Supp. 3d 932 (C.D. Cal. Dec. 5, 2014) ................................................................8, 9

*Ward v. Circus Circus Casinos, Inc.*,
473 F.3d 994 (9th Cir. 2007) ...............................................................................................8

*Williams v. Securitas Sec. Servs., Inc.*,
2023 WL 5310937 (N.D. Cal. Aug. 16, 2023) ....................................................................7

**State Cases**

*Melendez v. San Francisco Baseball Assocs. LLC*,
7 Cal. 5th 1 (2019) ..............................................................................................................9

*Ramirez v. Yosemite Water Co.*,
20 Cal. 4th 785 (1999) .........................................................................................................9

**Statutes**

29 U.S.C. § 185(c) ......................................................................................................................4

California Labor Code § 510 ................................................................................................5, 6, 7

California Labor Code § 514 ............................................................................................. *passim*

California Labor Code § 1198 ...................................................................................................7

Labor Management Relations Act § 301 ............................................................................ *passim*

**LAWYERS *for* JUSTICE, PC**
450 N. Brand Blvd., Suite 900
Glendale, California 91203

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff Diana Libbey ("Plaintiff") submits this reply to Defendant John Muir Health's ("Defendant") Opposition to Plaintiff's Motion to Remand ("Opposition"). Defendant's Opposition falls short of establishing that this Court has federal question jurisdiction.

Less than two weeks ago, in *Sica v. Silicon Valley Mechanical, Inc.*, No. 26-CV-00180-VC, 2026 WL 1379906 (N.D. Cal. May 13, 2026), a case involving the identical procedural posture to that here with dueling motions to dismiss and remand, the Court answered the precise question presently at issue. The Honorable Vince Chhabria acknowledged that although the court had previously relied on *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146 (9th Cir. 2019) to find complete preemption and to deny motions to remand, the more recent rulings from Judges Pitts and Corley in *Hernandez v. Pacific Underground Construction, Inc.*, 794 F. Supp. 3d 696 (N.D. Cal. 2025) and *Cortes v. Mass Electric Construction Co.*, 2025 WL 3685194 (N.D. Cal. 2025) convinced the court that its prior reasoning was incorrect and granted the plaintiff's motion to remand. *Sica*, 2026 WL 1379906 at *1. In light of this recent reconsideration of the governing authority, Defendant's reliance on *Curtis* is misplaced and compels remand here.

First, Section 301 of the Labor Management Relations Act ("LMRA") does not preempt Plaintiff's overtime claim because Plaintiff's First Amended Complaint ("FAC") is brought independently of any collective bargaining agreement ("CBA") and arises exclusively from state law. Defendant remains unable to dispute this fact. Defendant's reliance on this Court's prior decision in *Campos v. Green Diamond Resource Co.*, No. 3:25-cv-00663-AMO, 2025 WL 1518319 (N.D. Cal. May 28, 2025) (Martínez-Olguín, J.) fails in light of the later, binding Ninth Circuit decision in *Renteria-Hinojosa v. Sunsweet Growers*, *Inc.*, 150 F.4th 1076 (9th Cir. 2025). Although *Renteria-Hinojosa* did not specifically address Labor Code Section 514 or *Curtis*, the Ninth Circuit nevertheless applied the *Burnside* framework to California overtime claims without recognizing any categorical jurisdictional exception based on Section 514 compliance. Had *Curtis* established the sweeping jurisdictional rule Defendant advances here, the Ninth Circuit would have said so. It did not. Moreover, *Renteria-Hinojosa*

1

LAWYERS *for* JUSTICE, PC
450 N. Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 N. Brand Blvd., Suite 900
Glendale, California 91203

has been followed in this District despite Defendant's attempt to label those cases as "outlier[s]." Opp. at p. 1:20-25.

Next, Defendant's Opposition focuses almost entirely on whether the CBA facially satisfies Labor Code Section 514, while devoting little analysis to Burnside's second prong requiring substantial dependence on interpretation of disputed CBA terms. Yet Ninth Circuit authority is clear that mere reference to a CBA is insufficient to establish Section 301 preemption.

Even if Defendant had established the criteria for the exemption defense, Defendant's use of affirmative defenses does not change the state law character of Plaintiff's claims, or that this litigation does not require interpretation of the terms of the CBA. Defendant's preemption argument for the overtime violation largely relies on the 2019 Ninth Circuit's decision in *Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146 (9th Cir. 2019). However, more recent Ninth Circuit, Northern District, Central District, and Southern District of California cases explain why *Curtis* does not lead to the conclusion that this Court has federal question jurisdiction. Thus, Defendant has failed to establish preemption of Plaintiff's claims, thereby conceding any argument that the Court may exercise supplemental jurisdiction over Plaintiff's derivative claims.

Consequently, Defendant has failed to show federal question jurisdiction, and Plaintiff respectfully requests that the Court remand this case to the California Superior Court for the County of Contra Costa, where this case was originally filed.

## II.  ARGUMENT

### A.  There Is No Basis for Federal Jurisdiction Because Section 301 of the LMRA Does Not Preempt Plaintiff's State Law Claims.

As fully addressed in Plaintiff's Motion, Defendant's removal theory rests on a single proposition: that whenever a CBA facially satisfies Section 514's wage floor requirements, a plaintiff's right to overtime exists "solely as a result of the CBA," and the claim is completely preempted by Section 301. This argument has been squarely and repeatedly rejected by courts in this District, most recently by Judge Chhabria just two weeks ago. It should be rejected here

as well.

The controlling framework is *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053 (9th Cir. 2007), which establishes a two-part test for Section 301 preemption. Under the first prong, a court determines whether the asserted cause of action involves a right conferred by state law, independent of any CBA. *Id.* at 1059–60. If the right exists independently, the court proceeds to the second prong: whether resolving the dispute is "substantially dependent on analysis of a collective-bargaining agreement." *Id.* at 1059. A claim is substantially dependent only where it requires *interpretation* of CBA terms, not mere reference to them. *Id.* at 1060. Defendant cannot satisfy the first prong and wholly ignores the second.

**1.** ***Defendant's Reliance on Curtis and Campos for Preemption is Misguided and Should be Rejected in Light of Controlling and More Recent Authority.***

The Court need look no further than this District's own recent precedent to resolve this motion. In *Sica v. Silicon Valley Mechanical, Inc.*, No. 26-CV-00180-VC, 2026 WL 1379906 (N.D. Cal. May 13, 2026), a case presenting the identical procedural posture of dueling motions to dismiss and remand, Judge Chhabria acknowledged that he had previously relied on *Curtis* to find complete preemption and deny motions to remand, but that the reasoning in *Hernandez v. Pacific Underground Construction, Inc.*, 794 F. Supp. 3d 696 (N.D. Cal. 2025), and *Cortes v. Mass Electric Construction Co.*, 2025 WL 3685194 (N.D. Cal. 2025), convinced him that his prior reasoning was incorrect. *Sica*, 2026 WL 1379906 at *1. As a result, he granted remand. *Id.* Defendant's framework, which asks the Court to follow *Campos* just as Judge Chhabria once followed *Curtis*, invites precisely the error that *Sica* corrected.

The reason *Sica*, *Hernandez*, and *Cortes* reject *Curtis* as a jurisdictional rule is straightforward and dispositive: *Curtis* was not a jurisdictional case. The parties in *Curtis* never disputed that federal jurisdiction existed, nor could they have, because the *Curtis* claims arose under the Outer Continental Shelf Lands Act ("OCSLA"), which extends federal law to the Outer Continental Shelf as "an area of exclusive Federal jurisdiction." *Hernandez*, 794 F. Supp. 3d at 705. *Curtis* was in essence a decision about the merits of the plaintiff's claims, not about the court's ability to exercise jurisdiction on an LMRA complete preemption theory. *Id.* at 706.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND                    CASE NO. **4:26-cv-03228-AMO**

LAWYERS *for* JUSTICE, PC
450 N. Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 N. Brand Blvd., Suite 900
Glendale, California 91203

The *Curtis* footnote stating that "the district court had jurisdiction under 29 U.S.C. § 185(c)" was made without analysis of the well-pleaded complaint rule, without citation to *Caterpillar* or *Burnside*, and without any party having contested jurisdiction at all. *Id.* As *Cortes* explained, to the extent that footnote suggests an affirmative defense under state law creates removal jurisdiction, "this statement contradicts prior Ninth Circuit precedent" including *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102 (9th Cir. 2000), *Burnside*, and *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005 (9th Cir. 2018), and "[a] three-judge panel may not overrule the decision of another panel." *Cortes*, 2025 WL 3685194, at *4–5.

The *Hernandez* Court was clear: "Even assuming [Defendant] is correct about the exemptions' applicability, 'the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule.'" *Hernandez*, 794 F. Supp. 3d at 706. And as *Sica* put it most directly, even if Defendant could ultimately establish that the CBA governed Plaintiff's overtime, "that would mean only that [Plaintiff] cannot prevail on [her] state law claims — not that those claims arose out of federal law." *Sica*, 2026 WL 1379906, at *1. That is the precise defect in Defendant's removal: it conflates the *merits* of a preemption defense with the *existence* of federal jurisdiction. The two are not the same.

Defendant's reliance on *Campos v. Green Diamond Resource Co.*, No. 3:25-cv-00663-AMO, 2025 WL 1518319 (N.D. Cal. May 28, 2025) (Martínez-Olguín, J.) fares no better. *Campos* was decided in May 2025, nearly a full year before *Sica*. Judge Chhabria, who had similarly applied *Curtis* in prior cases, revisited that analysis once *Hernandez* and *Cortes* demonstrated the fundamental flaw in treating *Curtis*'s OCSLA footnote as a categorical jurisdictional rule. *Sica*, 2026 WL 1379906, at *1. This Court is presented with the same opportunity. The question is not whether *Campos* was correctly decided on the law as it stood then, it is whether the better-reasoned and more recent authority in this District now compels a different result. It does.

There are three independent reasons, moreover, that *Curtis* is factually inapplicable to this case even on its own terms. **First**, the plaintiffs in *Curtis* conceded the CBA was generally

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**                    **CASE NO. 4:26-cv-03228-AMO**

LAWYERS *for* JUSTICE, PC
450 N. Brand Blvd., Suite 900
Glendale, California 91203

applicable to their claims. *Curtis*, 913 F.3d at 1151. The very factual predicate the *Curtis* court relied upon to conclude that the California Labor Code had been displaced. Unlike *Curtis*, Plaintiff does not allege claims premised on an alternative workweek schedule expressly governed by Section 510(a)(2), nor does the FAC invoke Section 514 or seek to enforce any right arising from the CBA itself. This case is in its infancy, and Plaintiff has not had the opportunity to conduct discovery concerning whether the asserted CBA fully satisfies Section 514 for the entire class period, what overtime calculation methodology the asserted CBA requires, or whether Defendant in fact complied with the CBA's terms in practice. Without that concession, which was the linchpin of *Curtis*'s analysis, *Curtis* has no traction here. **Second**, the *Curtis* plaintiffs' complaint directly invoked the Section 514 exemption by seeking overtime pay for off-duty hours at a work location under an alternative work schedule, a claim that on its face triggered Section 510(a)(2). *Curtis*, 913 F.3d at 1153. Plaintiff Libbey makes no allegation that any overtime owed results from an alternative work schedule, and nothing in the FAC invokes the Section 514 exemption. **Third**, and most fundamentally, *Curtis* arose under OCSLA, which independently conferred federal jurisdiction over those claims. *Hernandez*, 794 F. Supp. 3d at 705–06. Plaintiff here asserts claims directly under California law, and nothing in the FAC or the briefing suggests any intent to pursue claims arising under anything other than state law. *Curtis* simply does not apply.

Furthermore, Defendant relies heavily on *Garibay v. Bulwark Constr., Inc.*, No. 3:25-cv-03643-W-GC, 2026 WL 1133704, quoting the decision at length despite its non-binding status and omission of any discussion of recent Ninth Circuit and Northern District authority limiting Curtis's relevance to the jurisdictional preemption inquiry presented here. Opp. at p. 16-17. *Garibay* is also procedurally distinguishable. There, the plaintiff did not meaningfully dispute Curtis's applicability or present the extensive jurisdictional analysis now before this Court concerning *Burnside*, *Hernandez*, *Cortes*, *Sica*, and *Renteria-Hinojosa*. *See Garibay v. Bulwark Constr., Inc.*, No. 3:25-cv-03643-W-GC, Pl.'s Mot. to Remand, Dkt. No. 4 (S.D. Cal. filed December 24, 2025). The court was not asked to review or analyze those arguments and, ultimately, did not do so.  As a result, *Garibay* provides limited persuasive value on the specific

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND                    CASE NO. **4:26-cv-03228-AMO**

jurisdictional issues presented here.

Defendant's Section 514 argument fares no better on the regular rate question. Section 514's exemption is conditional: it applies only where the CBA "provides premium wage rates for *all* overtime hours worked." As alleged in the FAC, JMH calculated overtime premiums on a regular rate that excluded shift differentials and non-discretionary bonuses — meaning the premium paid was not, in fact, calculated on the rate Section 514 requires. Defendant cites no authority holding that Section 514 insulates an employer from liability for undercalculating the very rate upon which CBA premiums must be based. Nor does Defendant provide any evidence — beyond its own declarations pointing to CBA wage schedules — that its actual overtime pay practices satisfied the exemption's conditions. Whether they did is a factual dispute that cannot be resolved on this removal record. Defendant's demand that Plaintiff supply contrary legal authority at this stage inverts the burden entirely: it is Defendant, as the removing party, who must establish that federal jurisdiction exists.

Finally, the Ninth Circuit's most recent pronouncement on Section 301 preemption of California overtime claims confirms this conclusion. In *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076 (9th Cir. 2025), the Ninth Circuit applied the *Burnside* framework to a California Labor Code Section 510 overtime claim and found no preemption. *Renteria-Hinojosa*, 150 F.4th at 1090. Defendant dismisses *Renteria-Hinojosa* as irrelevant because it "does not even so much as mention Section 514 or *Curtis*." Opp. at p. 21:15-16. But the Ninth Circuit's silence on *Curtis* is not a limitation on *Renteria-Hinojosa*. Rather, it is an answer to Defendant's argument. If *Curtis* had established what Defendant claims, a categorical rule that any CBA facially satisfying Section 514 automatically creates federal jurisdiction, the *Renteria-Hinojosa* panel would have engaged with it. It did not. The Ninth Circuit applied *Burnside* without carving out a Section 514 exception, without endorsing *Curtis*'s footnote as a jurisdictional holding, and without suggesting the analysis changes when a CBA meets a statutory wage floor. *See Renteria-Hinojosa*, 150 F.4th at 1089-1090. *Renteria-Hinojosa* means exactly what it says: the *Burnside* test governs, and under that test, Plaintiff's claims are not preempted. For these reasons, the Court should decline to apply *Curtis* to this case.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND          CASE NO. **4:26-cv-03228-AMO**

LAWYERS *for* JUSTICE, PC
450 N. Brand Blvd., Suite 900
Glendale, California 91203

### 2. *Plaintiff's Claims Arise Under California Law, Not The CBA.*

Plaintiff's claims are based on statutory rights guaranteed to Plaintiff by the California Labor Code and are not based on any rights guaranteed by any CBA. Claims that seek to vindicate a "nonnegotiable state-law right[] . . . independent of any right established by contract" are not within the scope of Section 301. *Atuatasi v. Securitas Sec. Servs. USA*, 2018 U.S. Dist. LEXIS 95418, at *4 (C.D. Cal. June 6, 2018) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985)). If state law creates a right that cannot be waived or modified by a private contract and that right can be enforced without reference to the particular terms of the contract, §301 does not preempt the claim. *Id.* at *4–5 (citing *Miller v. AT&T Network Sys.*, 850 F.2d 543, 546 (1988)).

Here, The FAC alleges violations of California Labor Code §§ 510 and 1198, rights created by the State of California and owed to every non-exempt employee regardless of union membership. The FAC makes no reference to any allegation that Defendant violated any provision of the CBA, and none of Plaintiff's claims arise from any breach of a CBA provision. Defendant does not meaningfully dispute that Plaintiff's claims are pleaded exclusively under California law.

Plaintiff's claims thus satisfy *Burnside's* first prong: the rights at issue exist independently of the CBA and the analysis could end here. Even assuming arguendo that the Court proceeds to the second prong (which Defendant notably ignores), Defendant's removal still fails.

### 3. *None Of Plaintiff's Claims Substantially Depend on Analysis of the CBA.*

None of Plaintiff's claims substantially depend on analysis or interpretation of the CBA. Similar to the court in *Williams v. Securitas Security Servs., Inc.*, 2023 WL 5310937 (N.D. Cal. Aug. 16, 2023), which held that claims at least conceptually might not involve interpreting the CBA and instead might require only a straightforward determination of hours worked and a resulting calculation of whether the plaintiff was paid for those hours, here, Plaintiff's claims can be interpreted simply by looking to the facts in Plaintiff's FAC, not the CBA. *Williams v.*

---

7

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**                    **CASE NO. 4:26-cv-03228-AMO**

LAWYERS *for* JUSTICE, PC
450 N. Brand Blvd., Suite 900
Glendale, California 91203

*Securitas Sec. Servs., Inc.*, 2023 WL 5310937, at \*5–6, \*9–11 (N.D. Cal. Aug. 16, 2023).

"The argument does not become credible simply because the court may have to consult the CBA to evaluate it; 'look[ing] to' the CBA merely to discern that none of its terms is reasonably in dispute does not require preemption.'" *Cramer v. Consol. Freightways Inc.*, 255 F.3d 683, 692 (9th Cir. 2001) (internal citations omitted). "The plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim. If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." *Id.* at 691.

In *Vasserman v. Henry Mayo Newhall Memorial Hospital*, 65 F. Supp. 3d 932, 954 (C.D. Cal. Dec. 5, 2014), the court explained that mere reference to a collective bargaining agreement to ascertain its terms is not the same as interpreting the collective bargaining agreement for purposes of preemption. *Vasserman*, 65 F. Supp. 3d at 954. There, the defendant argued that interpretation of the collective bargaining agreement would be necessary to resolve the plaintiff's claims. *Id.* The court disagreed, noting that although *reference* to the undisputed terms of the collective bargaining agreement would be required, it would not require *interpretation* of those terms. *Id.* at 957–58; *see also Livadas v. Bradshaw,* 512 U.S. 107, 124 (1994) ("when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished").

"[T]he term 'interpret' . . . means something more than 'consider,' 'refer to,' or 'apply.'" *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1033 (9th Cir. 2016); *see also Placencia v. Amcor Packaging Distrib., Inc.*, 2014 U.S. Dist. LEXIS 77731, at \*4 (C.D. Cal. May 12, 2014). "When the parties do not dispute the meaning of contract terms, the fact that a CBA will be consulted in the course of state law litigation does not require preemption." *Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 998 (9th Cir. 2007); *see also Livadas*, 512 U.S. at 125 (holding that "the mere need to 'look to' the collective bargaining agreement . . . is no reason to hold the state-law claim defeated by § 301"); *Burnside*, 491 F.3d at 1060 ("[W]e know that neither look[ing] to the CBA merely to discern that none of its terms is reasonably in dispute,

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND                    CASE NO. **4:26-cv-03228-AMO**

LAWYERS *for* JUSTICE, PC
450 N. Brand Blvd., Suite 900
Glendale, California 91203

nor the simply need to refer to [its terms], is enough to warrant preemption.") (internal quotation marks and citations omitted); *Acosta v. AJW Const.*, 2007 WL 4249852, at *4 (N.D. Cal. Nov. 30, 2007) (finding action "not preempted by ERISA" where "claims for unpaid wages accrued during paid time off . . . require little more than cursory consultation with the collective bargaining agreement").

Here, Plaintiff's FAC makes no reference to any allegation that Defendant violated provisions of the CBA. Plaintiff's claims arise not from any breach of a CBA provision, but from Defendant's failure to provide Plaintiff and other putative class members with their rights guaranteed by the California Labor Code. Plaintiff's FAC establishes this. Notably, Defendant cites the CBA provisions, but does not address the second *Burnside* prong. Defendant rests on the mistaken assumption that Plaintiff's overtime claim exists solely as a result of the CBA, and that there is no need to reach the second step of the *Burnside* analysis. *See* Opp. at p. 20:23-25.

Furthermore, Defendant incorrectly argues that Plaintiff's overtime claim is preempted under the requirements of Labor Code Section 514. *See generally* Opp. at p. 10–12. However, Defendant has failed to establish the necessary criteria to present that defense. "Preemption does not arise when interpretation is required only by a defense." *Melendez v. San Francisco Baseball Assocs. LLC*, 7 Cal. 5th 1, 9 (2019) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 286, 398–99 (1987); *Cramer*, 255 F.3d at 690). *See also Ramirez v. Yosemite Water Co.*, 20 Cal. 4th 785, 794–795 (1999). "[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Cramer*, 255 F.3d at 690 (*citing Caterpillar*, 482 U.S. at 399). "A defense based on the terms of a CBA is not enough to require preemption." *Id.* Here, Defendant is attempting to plead a state law defense. However, a potential defense is not enough to establish preemption, or federal question jurisdiction. Even assuming, *arguendo*, that Plaintiff's claims are subject to the exemption, it would not alter the character of Plaintiff's claims as alleged under state law, rather than under any rights provided by the CBA. *Vasserman*, 65 F. Supp. 3d at 954. Furthermore, this exemption does not change the fact that this litigation does not require interpretation of the terms of the CBA.

LAWYERS *for* JUSTICE, PC
450 N. Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 N. Brand Blvd., Suite 900
Glendale, California 91203

Moreover, more recent Ninth Circuit, Northern District, Central District and Southern District of California cases explain and ultimately examine why *Curtis* does not lead to the conclusion that this Court has federal question jurisdiction.

The defendant in *Hernandez v. Pacific Underground Construction, Inc.*, 794 F. Supp. 3d 696 (N.D. Cal. 2025), relied on *Curtis* for the proposition that Hernandez's claims were completely preempted in a manner that would support the Court having federal question jurisdiction over the complaint. However, the Court critically pointed out that *Curtis* had nothing to do with subject matter jurisdiction and removability and was instead procedurally at the motion to dismiss stage:

> First and foremost, *Curtis* was not a jurisdictional case. It instead considered the merits of the plaintiff's claims on appeal from a dismissal pursuant to Rule 12(b)(6). The parties in *Curtis* never disputed that federal jurisdiction existed, perhaps because the court undoubtedly had jurisdiction under the Outer Continental Shelf Lands Act (OCSLA), which extends federal law to the Outer Continental Shelf (the region in which Curtis worked) as "an area of exclusive Federal jurisdiction[.]". . . *Curtis* was in essence a decision about the merits of Curtis' claims, rather than a decision about the court's ability to exercise jurisdiction on an LMRA 'complete preemption' theory. Unlike *Curtis*, *Hernandez* does not concede that the CBA applies to his claims, and he does not concede that the CBA satisfies the Labor Code exemptions' requirements. Whether Pacific's CBA falls within a Labor Code exemption presents an affirmative defense, rather than a jurisdictional issue. Even assuming Pacific is correct about the exemptions' applicability, 'the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule.' *Caterpillar*, 482 U.S. at 398."

*Hernandez*, 794 F. Supp. 3d at 705–06.

Similarly, in *Sica*, the defendant relied on *Curtis* to argue that the plaintiff's claims were completely preempted by the LMRA. *Sica*, 2026 WL 1379906, at *1. The Court, however, rejected that argument and remanded the action, and recognized that, even if defendant could ultimately establish that the CBA governed the plaintiff's overtime, meal period, rest period, and untimely wage claims, "that would mean only that [plaintiff] cannot prevail on his state law claims—***not that those claims arose out of federal law***." *Id.* (emphasis added). Defendant's position here suffers from the same defect and therefore fails to establish federal question

jurisdiction.

Finally, Defendant also challenges *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1085 (9th Cir. 2025) as failing to reference the holding in *Curtis*. (Dkt. No. 21:13–17). Again, as explained above, *Curtis* does not necessarily address the issues of preemption given the facts of this case in Plaintiff's FAC.

Thus, Plaintiff's overtime claim is not subject to an exemption under the California Labor Code and Defendant has failed to meet its burden of demonstrating that federal question jurisdiction exists as it relates to Plaintiff's claims.

**B.  There Is No Basis for Supplemental Jurisdiction.**

Defendant relegates the issue of supplemental jurisdiction over Plaintiff's remaining claims to a single footnote in its Opposition, effectively assuming that a finding of Section 301 preemption would automatically permit the Court to exercise jurisdiction over Plaintiff's remaining state-law claims. Opp. at 20:24-28. But supplemental jurisdiction does not arise automatically.  Rather, it exists only where the Court first has original jurisdiction over at least one properly removable claim.

Here, Defendant fails to demonstrate that Plaintiff's overtime claim is preempted by Section 301 of the LMRA under the *Burnside* framework. Absent a viable federal claim, there is no jurisdictional anchor upon which supplemental jurisdiction may attach, and Defendant cannot manufacture federal jurisdiction by labeling Plaintiff's remaining claims as "derivative." *See Sanchez v. Calportland Co.*, 2015 WL 6513640, at *5 (C.D. Cal. Oct. 26, 2015). Moreover, by failing to address the requirements of supplemental jurisdiction or identify any independent basis for Plaintiff's remaining ten causes of action, Defendant has waived any argument that supplemental jurisdiction would apply. As such, the Court should not exercise supplemental jurisdiction over Plaintiff's other causes of action as Defendant does not argue that there is any independent basis for federal question jurisdiction over these claims. *See, e.g., Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075–76 (9th Cir. 2005).

///

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**                    **CASE NO. 4:26-cv-03228-AMO**

*LAWYERS for JUSTICE, PC*
450 N. Brand Blvd., Suite 900
Glendale, California 91203

### III. <u>CONCLUSION</u>

For the foregoing reasons, Defendant has not met its burden to demonstrate that this Court has subject matter jurisdiction over this case. Plaintiff respectfully requests that the Court remand this action to the Superior Court of Contra Costa County.

Dated: May 28, 2026                                    Respectfully Submitted,

                                                       **LAWYERS *for* JUSTICE, PC**

                                               By: */s/ Lina Yaghoubi*
                                                       Brittany Shaw Carter
                                                       Lina Yaghoubi
                                                       *Attorneys for* Plaintiff

**LAWYERS *for* JUSTICE, PC**
450 N. Brand Blvd., Suite 900
Glendale, California 91203

12