UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DIANA LIBBEY,

Plaintiff,

v.

JOHN MUIR HEALTH,

Defendant.

Case No. 26-cv-03228-AMO

**ORDER GRANTING MOTION TO REMAND AND TERMINATING MOTION TO DISMISS**

Re: Dkt. Nos. 14, 17

This is a putative wage and hour class action. Before the Court are Diana Libbey's motion to remand and John Muir Health's motion to dismiss. The matters are fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for August 20, 2026, is **VACATED**. *See* Civil L.R. 7-6; Fed. R. Civ. P. 78(b). Having read the parties' papers and carefully considered their arguments therein, as well as the relevant legal authority, the Court **GRANTS** Libbey's motion to remand for the following reasons. John Muir's motion to dismiss is therefore **TERMINATED AS MOOT**.

## I. BACKGROUND

Libbey is a former hourly employee of John Muir. Dkt. No. 3, Ex. A ¶ 25. She believes that John Muir underpaid her and committed various other wage and hour violations. So Libbey sued John Muir in California state court. Dkt. No. 3, Ex. A. Her operative complaint advances, among other claims, an overtime claim under Cal. Lab. Code § 510. *Id.* ¶¶ 56-64. John Muir removed Libbey's complaint to this Court. Dkt. No. 1. There are two asserted bases for federal jurisdiction: federal question jurisdiction under the Labor Management Relations Act ("LMRA"), and supplemental jurisdiction. *Id.* ¶¶ 13, 28. As to the former, John Muir asserts that Libbey's

United States District Court
Northern District of California

overtime claim is preempted by Section 301 of the LMRA, 29 U.S.C. § 185, because the terms and conditions of her employment were governed by a collective bargaining agreement ("CBA"). *Id.* ¶¶ 13-27.

## II. LEGAL STANDARD

A defendant may remove a lawsuit from state to federal court by filing a notice of removal. 28 U.S.C. § 1446(a). "A plaintiff who contests the existence of removal jurisdiction may file a motion to remand, *see* 28 U.S.C. § 1447(c), the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1)." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). Remand motions may assert either a facial challenge, where the inquiry is confined to the allegations in the complaint, or a factual challenge, where the court looks beyond the complaint to extrinsic evidence. *Id.* at 1121-22. When a plaintiff challenges jurisdiction facially, all material allegations in the notice of removal are assumed true, and the court determines whether the factual allegations are sufficient to invoke the court's subject-matter jurisdiction. *Id.*

Normally, federal question jurisdiction is governed by the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). Thus, a plaintiff can usually avoid federal question jurisdiction by pleading only state-law claims. *Id.* But there is an "independent corollary" to the well-pleaded complaint rule: the complete preemption doctrine (sometimes called the artful pleading doctrine). *Id.* at 393, 397 (citation omitted). That doctrine applies when "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* at 393 (citation omitted). The LMRA is such a statute. *Id.* at 393-94 (citation omitted). Even for those statutes, though, federal question jurisdiction only exists if the plaintiff's claim is facially preempted. *Id.* at 398-99 ("[T]he presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that

the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.”).

## III. DISCUSSION

Libbey contends that John Muir has not sufficiently established any source of subject-matter jurisdiction. She argues that as a matter of law, a California overtime claim is insufficient to invoke federal question jurisdiction. Libbey also argues that even if such a claim can sometimes be sufficient, John Muir has not provided enough evidence to show that her overtime claim is preempted, so it cannot invoke federal question jurisdiction in her case. The Court agrees with the former argument, so it does not reach the latter.

### A. Federal Question Jurisdiction

To determine if a state-law claim is preempted by Section 301 of the LMRA, courts apply a two-step process. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). First, they determine if “the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA.” *Id.* Where the right “exists solely as a result of the CBA, then the claim is preempted.” *Id.* (citation omitted). But if the right exists by virtue of state law, the court moves to the second step and considers if the claim is nonetheless “substantially dependent on analysis of a collective-bargaining agreement.” *Id.* (citation omitted). “If such dependence exists, then the claim is preempted by section 301; if not, then the claim can proceed under state law.” *Id.* at 1059–60.

#### 1. *Burnside* Step One

At step one, a court evaluates the “‘legal character’ of the claim by asking whether it seeks purely to vindicate a right or duty created by the CBA itself.” *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018) (citation omitted). “If a claim arises entirely from a right or duty of the CBA—for example, a claim for violation of the labor agreement . . .—it is, in effect, a CBA dispute in state law garb, and is preempted.” *Id.* (citations omitted). Under those circumstances, “the CBA is the ‘only source’ of the right the plaintiff seeks to vindicate.” *Id.* (citation omitted). By contrast, “a claim that ‘involves a right conferred upon an employee by virtue of state law’ is not preempted at step one.” *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1089

United States District Court
Northern District of California

(9th Cir. 2025) (quoting *Burnside*, 491 F.3d at 1059).

Here, Libbey's right to overtime is created by California law, Cal. Lab. Code § 510. As a result, her claim facially arises from a right created by state law, not the CBA. *See Renteria-Hinojosa*, 150 F.4th at 1089 (citing *Burnside*, 491 F.3d at 1059).

Nevertheless, John Muir contends that Libbey's claim is actually a claim under the CBA because Cal. Lab. Code § 510 does not apply to some employees covered by a CBA. A different section of the Labor Code provides that "Section[] 510 . . . do[es] not apply to an employee covered by a valid collective bargaining agreement if the agreement" meets certain requirements. Cal. Lab. Code § 514. The Ninth Circuit has held that if the relevant CBA "meet[s] the requirements of section 514, [the plaintiff's] right to overtime 'exists solely as a result of the CBA,' and therefore is preempted under § 301." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1154 (9th Cir. 2019) (citation omitted). In the wake of *Curtis*, district courts generally held that a lawsuit filed in state court raising a claim under Section 510 could be removed to federal court so long as the relevant CBA met the requirements of Section 514. *See Chatman v. WeDriveU, Inc.*, No. 22-CV-04849-WHO, 2022 WL 15654244, at *6 n.5 (N.D. Cal. Oct. 28, 2022) (collecting cases). But recently, a growing minority of judges in this District have concluded that approach overreads *Curtis*. *See Hernandez v. Pac. Underground Constr., Inc.*, 794 F. Supp. 3d 696, 704-07 (N.D. Cal. 2025); *Cortes v. Mass Elec. Constr. Co.,* No. 25-CV-06714-JSC, 2025 WL 3685194, at *3-5 (N.D. Cal. Dec. 18, 2025); *Alvarez v. Consol. Eng'g Lab'ys*, No. 25-CV-10576-SK, 2026 WL 734529, at *5-6 (N.D. Cal. Mar. 16, 2026); *Sica v. Silicon Valley Mech., Inc.*, No. 26-CV-00180-VC, 2026 WL 1379906, at *1 (N.D. Cal. May 13, 2026). By contrast, at least one judge has reaffirmed that *Curtis* squarely addressed the issue. *See Higgs v. Monterey Mech. Co.*, No. 25-CV-05267-JST, 2026 WL 2138556, at *4 n.2 (N.D. Cal. July 24, 2026).

The core of the growing minority view is that *Curtis* opined on the merits of the preemption analysis, not the precursor question of whether preemption of a Section 510 claim through the Section 514 exemption creates federal jurisdiction. *Cortes*, 2025 WL 3685194 at *4-5. Before *Curtis*, the Ninth Circuit had applied *Caterpillar* to conclude that "[a] defendant can't rely on a CBA as an aspect of her defense simply to inject a federal question into an action that

asserts what is plainly a state-law claim." *Id.* at *5 (collecting cases and quoting *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1010 (9th Cir. 2018)). And a number of courts have recognized that "the applicability of Labor Code [Section] 514 . . . is an affirmative defense Defendant must prove and plead." *Id.* at *4 (collecting cases). So, under this view, the applicability of Section 514 is irrelevant to the jurisdictional analysis. *Id.* To be sure, *Curtis* stated "in a half-sentence" that "[t]he district court had jurisdiction under 29 U.S.C. § 185(c)." *Id.* at *4 (quoting *Curtis*, 913 F.3d at 1151). But to the extent that "suggests an affirmative defense under state law creates removal jurisdiction," it "contradicts prior Ninth Circuit precedent" and *Caterpillar*, which *Curtis* cannot overrule. *Id.* at *5. Accordingly, these courts conclude that a defendant has not created federal jurisdiction by raising Section 514. *Id.*

The growing minority view is persuasive. The LMRA does not wholly abrogate the well-pleaded complaint rule, so a claim that is only preempted by the LMRA if an affirmative defense applies does not present a federal question for jurisdictional purposes. *See Caterpillar*, 482 U.S. at 398–99; *McCray*, 902 F.3d at 1010; *Burnside*, 491 F.3d at 1060. And Section 514 is an affirmative defense to Section 510 claims. *See Cortes*, 2025 WL 3685194 at *4 (citations omitted). So at this stage, it is irrelevant what Libbey's claim would look like if Section 514 applies. *See id.* at *4-5. It may well be that Section 514 applies. That would eliminate Libbey's Section 510 claim, turn it into one for breach of the CBA, and cause the LMRA to preempt her claim. *See Curtis*, 913 F.3d at 1154. But those questions cannot be reached at this time.

John Muir rightly notes that this Court has previously followed *Curtis* in cases raising Section 510 claims. *See Campos v. Green Diamond Res. Co.*, No. 25-CV-00663-AMO, 2025 WL 1518319, at *3 (N.D. Cal. May 28, 2025); *Oswald v. MV Transp., Inc.* ("*Oswald I*"), No. 25-CV-00696-AMO, 2026 WL 25841, at *5 (N.D. Cal. Jan. 5, 2026); *Oswald v. MV Transp., Inc.* ("*Oswald II*"), No. 25-CV-03053-AMO, 2026 WL 25840, at *4 (N.D. Cal. Jan. 5, 2026). But the parties did not raise this issue in those cases. In *Campos*, the plaintiff did not argue that Section 514 constituted an affirmative defense. *See* 2025 WL 1518319, at *3. And in the *Oswald* cases, the plaintiff only disputed that Section 514 applied, not the existence of federal jurisdiction. *See Oswald I*, 2026 WL 25841, at *4; *Oswald II*, 2026 WL 25840, at *4.

In sum, Libbey's right to overtime arises under state law, not the CBA. Accordingly, her overtime claim—at least for now—is not preempted under step one.

**2. *Burnside* Step Two**

To be preempted at step two, the state-law claim must "require[] interpretation of a CBA, such that resolving the entire claim in court threatens the proper role of grievance and arbitration." *Alaska Airlines*, 898 F.3d at 921 (citations omitted). To require interpretation of the CBA, there must be "an active dispute over 'the meaning of contract terms.'" *Id.* (citation omitted). Neither a "hypothetical connection between the claim and the terms of the CBA" nor the need to "refer to the CBA and apply its plain or undisputed language" preempts the claim. *Id.* at 921-22 (citations omitted).

John Muir's notice of removal contends that Libbey's overtime claim is preempted at step two because her "overtime claim arises from the CBA and will require interpretation of the CBA, including any implied terms based on the parties' practice, usage, and custom." Dkt. No. 1 ¶ 26. John Muir waived this argument by failing to defend it when opposing Libbey's motion to remand. *See* Dkt. No. 21 at 27 n.4; *Ramirez v. HV Glob. Mgmt. Corp.*, No. 21-CV-09955-BLF, 2022 WL 1210402, at *2 n.1 (N.D. Cal. Apr. 25, 2022). Even if it had not been waived, John Muir has not identified an active dispute over the meaning of any specific CBA term. *See Cortes*, 2025 WL 3685194, at *6. Accordingly, Libbey's overtime claim is not preempted at this step.

**B. Supplemental Jurisdiction**

John Muir's notice of removal asserts supplemental jurisdiction over Libbey's non-overtime claims. Dkt. No. 1 ¶ 28. But "supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it." *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001). Because John Muir has not demonstrated a basis for original jurisdiction, there cannot be supplemental jurisdiction. *See id.* at 805-07.

## IV. CONCLUSION

Libbey's motion to remand is **GRANTED**. John Muir's motion to dismiss is **TERMINATED AS MOOT**, without prejudice to raising those arguments upon remand. This action is hereby remanded to the Superior Court of California for the County of Contra Costa.

The Clerk shall close the file in this matter.

**IT IS SO ORDERED.**

Dated: August 17, 2026

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge

United States District Court
Northern District of California